Ward v. Latimer.

WARD AND ANOTHER v. LATIMER AND OTHERS.

The proper criterion of the value of "cash notes" is not the price at which they were purchaseable at the time, in cash, but the value at which they were estimated, in the ordinary and general transactions of trade, by the community.

Where the Court charged the jury, that if "cash notes," at the time the notes sued on in this case were due, were the circulating medium of the country, and if cash notes were generally the medium of trade through the country, they thereby took the place of money, and were to be considered as its equivalent, provided the same value was attached to them by the community generally, it was held there was no error.

Error from Red River. Action by the defendants in error against the plaintiffs in error, on two notes payable in cash notes. The plaintiff proved the notes, and proved by two witnesses that at the time the notes were due, cash notes constituted the principal currency of the country; that they were generally received at par in the payment of debts and in trades generally. Defendants proved by one witness that he purchased notes about that time at two-thirds of their nominal value, and that whenever notes were sold for cash at that time, their cash value was not more than sixty-six and two-third cents in the dollar. He was the only person known to be engaged at that time in buying cash notes upon speculation. Defendants introduced another witness who proved substantially the same. The latter witness also stated that in sales of property for cash notes, a higher estimate was placed upon the property than in sales for cash.

The Court charged the jury, that if "cash notes," at the time the notes sued on in this case were due, were the circulating medium of the country, and if cash notes were generally the medium of trade through the country, they thereby took the place of money, and were to be considered as its equivalent, provided the same value was attached to them by the community generally.

*Young & Morgan*, for plaintiffs in error. The charge would entitle the plaintiffs to the reputed value of cash notes, instead of their actual and positive value. The very fact of cash notes being the medium of trade, shows the absence of the precious metals; and if gold and silver are difficult to be obtained, just in proportion to that difficulty, is the value of cash notes reduced.

*Morrill* and *Jennings*, for defendants in error.

WHEELER, J. The charge of the Court complained of was to the effect, that if " cash notes" passed and were estimated in the business transactions of the community as money, the jury might consider them as worth their nominal value. And in this there was, we think, no error. The charge did not require the jury to find a verdict for the nominal value of the notes, if, in their opinion, the evidence showed them of less value in the ordinary business transactions of the country; in reference to which their value should certainly be estimated. It simply gave the jury a criterion by which to arrive at their value from the evidence. And it was, we think, a better criterion; more in accordance with what must be supposed to have been the intention of the parties to the contract, the true criterion by which to interpret it, than the price which may have been paid for them by the witness, who, according to his statement, it appears, was the only person in the community at the time "engaged in buying cash notes upon speculation." The price paid by one thus engaged, at a time of such scarcity of money as that promissory notes " constituted the principal currency of the country," would be, we think, anything but a fair and just criterion of their value; especially when they were generally received at par in the payment of debts, and in other dealing. It can scarcely be supposed that their value was estimated by any such criterion as that, by the parties to the present contract; or that they contemplated the application of any such rule in its interpretation.

We are of opinion that the verdict was fully warranted by the evidence, and that there is no error in the judgment. It is therefore affirmed.

Judgment affirmed.